IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES DEAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | FILED: FEBRUARY 24, 2009 |
| v. ) | No. 09CV1190 |
| ) | JUDGE KENNELLY |
| CITY OF CHICAGO, and CHICAGO ) | MAGISTRATE JUDGE NOLAN |
| POLICE OFFICERS R. FIORITO, ) | BR |
| Star # 11624 and HAZARD, Star # ) | |
| Defendants. ) | |

## **COMPLAINT**

NOW COMES the Plaintiff, JAMES DEAN, JR., by and through his attorneys, Jon Erickson, Brendan Shiller, Michael Oppenheimer, and Jared Kosolgad of the CIVIL RIGHTS CENTER, P.C., and complaining of the defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICER R. FIORITO, Star # 11624, states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising out of state law.

1

## PARTIES

3. James Dean, Jr. resides in Chicago, Cook County, Illinois and is a United States citizen.

4. Defendant Officers are present employees and agents of the Chicago Police Department. At all times relevant, Defendant Officers acted under color of law as duly appointed Chicago Police Officers and within the scope of his employment.

5. Defendant City is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was or is the employer of the Defendant Officers.

## BACKGROUND

6. On October 1, 2007 at 10:00 p.m., James Dean Jr. was arrested for driving on a suspended license and taken into custody of the Chicago Police Department.

7. On October 1, 2007 at 11:30 p.m., James Dean, Jr. was released from the 23rd Chicago Police District Station on an I-bond.

8. On October 1, 2007, at 11:34 p.m. without any lawful basis, Defendant Fiorito ordered James Dean, Jr. to enter and drive a car.

9. Defendant Fiorito then activated his emergency lights behind the car James Dean was ordered, seconds earlier, to drive.

10. James Dean, Jr. curbed his car in response to the flashing emergency lights.

11. Without any lawful basis, Defendant Fiorito seized the person and property of James Dean, Jr.

12. Without any lawful basis, Defendant Fiorito charged James Dean, Jr. with violations of Illinois and Chicago law, including U-turn within 100ft of an intersection, obstruction of an intersection, failure to keep in lanes, failure to wear safety belts, operating a vehicle without insurance, driving on a suspended license, DUI and failure to notify Secretary of State of change of address on driver's license.

13. Defendant Fiorito created false police reports related to the arrest and prosecution of James Dean, Jr.

14. On October 1, 2007, Defendants Fiorito and Hazard conspired and agreed amongst themselves to illegally seize and arrest James Dean, Jr. and to hide evidence of their illegalities.

15. On October 1, 2007, Defendants Fiorito and Hazard conspired and agreed amongst themselves to falsely charge James Dean, Jr. with crimes they knew he did not commit. In furtherance of this conspiracy, Defendant Fiorito filled out and filed false and incomplete police reports relative to plaintiff's arrest. James Dean, Jr. was charged with Driving Under the Influence of Alcohol.

16. The charges against James Dean, Jr. have been dismissed in a manner indicative of his innocence.

17. As a direct and proximate result of Defendant Fiorito's conduct, James Dean, Jr. was injured, including but not limited to his mind, body, and nervous system. James Dean, Jr. has suffered and continues to suffer from the physical, emotional, and psychological injuries inflicted by Defendant Fiorito.

18. As a direct and proximate result of the extraordinary misconduct described above, James Dean, Jr. suffered and continues to suffer from physical injuries, fear, paranoia, stress, anxiety, loss of his freedom, damage to his reputation, lost wages, loss of his driver's license, and other injuries.

19. Defendant Fiorito committed the wrongdoings described herein in part motivated by extreme prejudice toward Plaintiff's sexual orientation, race, and/or in part motivated by pecuniary gain.

20. Defendant Fiorito, as a matter of routine, violates the civil rights of citizens by performing unlawful arrests of citizens so that he can earn additional pay for court attendances.

21. Defendant City encourages such unlawful arrests by aligning the pecuniary interests of police officers with the frequency of any arrests made, regardless of the arrests' validity.

22. James Dean, Jr. was arrested as part of Defendant Fiorito's unlawful routine described above.

## COUNT I

### False Imprisonment - 42 U.S.C. Section 1983

23. James Dean, Jr. realleges and reincorporates all previous paragraphs.

24. The actions of Defendant Fiorito, described above, whereby Defendant Fiorito knowingly arrested and imprisoned James Dean, Jr. without probable cause or any other justification, constituted deliberate indifference to his rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

25. As a proximate result of the above-detailed actions of Defendant Fiorito, James Dean, Jr. was injured, including severe physical injuries, pain, mental suffering, anguish, emotional injuries, lost wages, loss of his driver's license, and humiliation.

WHEREFORE, James Dean, Jr. demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such other and further relief that this Honorable Court deems just.

## COUNT II

### Equal Protection - 42 U.S.C. Section 1983

26. James Dean, Jr realleges and reincorporates all previous paragraphs.

27. As described more fully above, Defendant Fiorito, acting under color of law and within the scope of his employment, denied James Dean, Jr. equal protection of the law in violation of his constitutional rights.

28. Specifically, Defendant Fiorito actively participated in, or personally caused, misconduct, without any rational basis, by violating the rights of citizens on the basis of their sexual orientation. Said misconduct was motivated by anti-gay animus and constituted purposeful discrimination; it also affected homosexuals in a grossly disproportionate manner vis-à-vis similarly situated heterosexual individuals.

29. As a result of this violation, James Dean, Jr. suffered injuries, including but not limited to emotional distress and a deprivation of his liberty, as is more fully alleged above.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to James Dean's constitutional rights.

WHEREFORE, James Dean, Jr. demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such other and further relief that this Honorable Court deems just.

## COUNT III

### Illegal Search and Seizure - 42 U.S.C. Section 1983

31. James Dean, Jr. realleges and reincorporates all previous paragraphs.

32. The searches and seizures of James Dean, Jr.'s person and property, performed willfully and wantonly by the Defendant Fiorito, was in violation of James Dean Jr's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

33. As a proximate result of the above-detailed actions of Defendant Fiorito, James Dean, Jr. was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused him great mental anguish and humiliation, exposed Plaintiff to public scandal and disgrace, and caused him to incur various expenses, all to James Dean, Jr's damage.

WHEREFORE, James Dean, Jr. demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such other and further relief that this Honorable Court deems just.

## COUNT IV

## 42 U.S.C. Section 1983 *Monell* Claim

34. Plaintiff reallege and incorporate all of the allegations in the preceding paragraphs.

35. The actions of the individual defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the City of Chicago, Chicago Police Department, the CPD's Office of Professional Standards, and the CPD's Internal Affairs Division.

36. Among the de facto policies of the municipality and its agents were:

    a. The failure to properly investigation allegations of police misconduct.

    b. The failure to have a system which monitors patterns of alleged police misconduct.

    c. The failure to properly discipline sustained allegations of police misconduct.

    d. The failure to properly maintain records of police misconduct and allegations of police misconduct, including the use of excessive force and false arrest.

    e. The failure to properly hire, train, monitor, and/or supervise officers.

    f. A *de facto* policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and the maltreatment of persons, despite their obligation under Department regulations to do so. This conduct included police officers who remain

silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

g. The act of filing excessive Driving Under the Influence (DUI) charges for the purpose increasing their individual compensation.

h. The failure to properly verify the validity of DUI charges.

i. The failure to properly train officers on sexual-orientation sensitivity; and to properly ensure that officers do not have animus towards citizens based on their sexual orientation.

37. The aforementioned policies, practices, and customs, individually and collectively have been maintained and/or implemented with deliberate indifference by the Defendant City of Chicago, and its subsidiary departments, Office of Professional Standards, and Internal Affairs Division, and have encouraged the individual Defendants to commit the aforesaid wrongful acts against plaintiffs, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiff's injuries.

WHEREFORE, Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendant City of Chicago, and that the Plaintiffs be awarded compensatory damages, reasonable attorney's fees, costs, expenses and any other relief that this Honorable Court finds appropriate and just.

## COUNT V

### 745 ILCS 10/9-102

38. James Dean, Jr. realleges and reincorporates all previous paragraphs.

39. Defendant Chicago is the employer of all Defendants Fiorito.

40. Defendant Fiorito committed the acts alleged above under color of law and in the scope of employment as an employee of the City of Chicago.

WHEREFORE, should individual defendant officer be found liable on one or more of the claims set forth above, James Dean, Jr. demands that, pursuant to 745 ILCS 10/9-102, the Defendant City be found liable for any judgment James Dean, Jr.obtains against said defendant, as well as attorneys fees and costs awarded.

## COUNT VI

### Malicious Prosecution — State Claim Against City and Officer

41. James Dean, Jr. realleges and reincorporates all previous paragraphs.

42. By the actions detailed above, Defendant Fiorito knowingly sought to and did, in fact, maliciously prosecute plaintiff on false charges for which he knew there was no probable cause.

43. The Defendant City is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Fiorito performed the actions complained of while on duty and in the employ of Defendant City, and while acting within the scope of this employment.

44. As a direct and proximate result of the malicious prosecution, James Dean, Jr. was damaged, including the value of his lost liberty, attorneys' fees, lost work, exposure to public scandal and disgrace, damage to reputation, mental and emotional suffering, loss of driver's license, humiliation, and anguish.

WHEREFORE, James Dean, Jr. demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such other and further relief that this Honorable Court deems just.

## COUNT VII

### Intentional Infliction of Emotional Distress Against City and Officer

45. Plaintiff realleges and reincorporates all previous paragraphs.

46. The above-detailed conduct by Defendant Fiorito was extreme and outrageous, exceeding all bounds of human decency.

47. Defendant Fiorito performed the acts detailed above with the intent of inflicting severe emotional distress on James Dean, Jr. or with knowledge of the high probability that the conduct would cause such distress.

48. As a direct and proximate result of this conduct, James Dean, Jr. did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, stress disorders, phobias, and flashbacks.

49. As of the filing of this Complaint, James Dean, Jr. continues to suffer from the above described injuries caused by the extreme and outrageous conduct of the Defendant Fiorito.

50. The Defendant City is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Fiorito performed the actions complained of while on duty and in the employ of Defendant City, and while acting within the scope of this employment.

WHEREFORE, James Dean, Jr. demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such other and further relief that this Honorable Court deems just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

JAMES DEAN, JR.

By Two of HIS Attorneys:

| /s Jon F. Erickson | /s Jared Kosoglad |
|---|---|
| Jon F. Erickson | Jared Kosoglad |
| Civil Rights Center, P.C. | Civil Rights Center, P.C. |
| 4554 N. Broadway, Suite 325 | 4554 N. Broadway, Suite 325 |
| Chicago, IL 60640 | Chicago, IL 60640 |
| 773.907.0940 | 773.907.0940 |