IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DEAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 09 C 1190 |
| CITY OF CHICAGO, and CHICAGO | ) | Judge Kennelly |
| POLICE OFFICERS R. FIORITO, | ) | |
| Star # 11624 and HAZARD, Star # | ) | Magistrate Nolan |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS
COUNT VII OF PLAINTIFF'S COMPLAINT**

Defendant Officer Fiorito[1], by one of his attorneys, Mary McCahill, Assistant Corporation Counsel of the City of Chicago, and Mara S. Georges, Corporation Counsel for the City of Chicago, respectfully request this Honorable Court to dismiss plaintiff's state law claim for "Intentional Infliction of Emotional Distress" (Count VII), pursuant to Federal Rule of Civil Procedure 12(b)(6), as the action is time barred.

1. On February 24, 2009, Plaintiff filed his complaint for a cause of action that arises out of an alleged incident that occurred on October 1, 2007 involving Plaintiff and Defendant Officer Fiorito. See, Plaintiff's Complaint.

2. Count VII of Plaintiff's complaint alleges a state law claim of intentional infliction of emotional distress. State law claims for intentional infliction of emotional distress are governed by Illinois' one-year statue of limitations for personal injury claims. 745 Ill. Comp.

---

[1] Plaintiff names Officer "Hazard" in the complaint without any further identifiers such as a first name or a star number. Additionally, the docket does not reflect that a summons has issued as to Officer "Hazard," demonstrating that Plaintiff has not made efforts to serve him or her. Accordingly, the undersigned has not filed an appearance on behalf of Officer "Hazard."

Stat. 10/8-101 (2003). The act states that "no civil action...(other than an action arising out of patient care) may be commenced in any court against a local entity or any of its employees for an injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." *Id.*

3. Under Illinois law, a claim for intentional infliction of emotional distress is a "continuing tort" that "accrues, and the statute of limitations begins to run, at the time the last injurious act occurs or the conduct is abated." *Feltmeier v. Feltmeier,* 789 N.E.2d 75, 89 (Ill.2003). "A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation." *Id.*

4. Plaintiff's allegations concerning his claim for intentional infliction of emotional distress relate only to the actions that occurred on October 1, 2007. Because Plaintiff cannot claim any continuing injury stemming from those overt act, "the statute begins to run on the date that the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury. *Id.* at 279.

5. The same acts that underlie Plaintiff's state law claim of intentional infliction of emotional distress also form the basis for his false arrest claim. The statute of limitations for false arrest or false imprisonment began to run when the alleged false imprisonment ended; at the termination of detention without legal process, for example when an arrestee is bound over by the magistrate or arraigned on charges. *See Wallace v. Kato,* 127 S.Ct. 1091, 1095 (2007). Because any alleged false imprisonment of the plaintiff accrues once detention without legal process terminates, any claim for intentional infliction of emotional distress based on the same underlying allegations will also accrue at that time.

6. Plaintiff was released on his own recognizance on October 2, 2007, therefore Plaintiff had until October 2, 2008 to file his intentional infliction of emotional distress claim. Accordingly, Plaintiff's claim for intentional infliction of emotional distress (Count VII) is time-barred as Plaintiff filed his complaint after the statute of limitations had lapsed.

**WHEREFORE**, Defendants request this Court to enter an order dismissing Plaintiff's claim for intentional infliction of emotional distress (Count VII) with prejudice. Defendants further request that they be permitted to answer the remaining claims in Plaintiff's Complaint twenty days after this Court's ruling on the instant motion.

Respectfully submitted,

*/s/ Mary McCahill*
MARY MCCAHILL
Assistant Corporation Counsel

30 NORTH LA SALLE ST.
SUITE 1400
CHICAGO, ILLINOIS 60602       March 18, 2009
(312) 742-6404
ATTORNEY NO. 06277989

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:    */s/ Bhairav Radia*
BHAIRAV RADIA
Assistant Corporation Counsel

30 NORTH LA SALLE ST.
SUITE 1020
CHICAGO, ILLINOIS 60602
(312) 744-5106
ATTORNEY NO. 06293600