IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DEAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 1190 |
| | ) | |
| CITY OF CHICAGO, and CHICAGO | ) | |
| POLICE OFFICERS R. FIORITO, | ) | Honorable Judge Kennelly |
| Star # 11624 and HAZARD, Star # | ) | |
| Defendants. | ) | |

## RESPONSE TO MOTION TO DISMISS

NOW COMES the Plaintiff, JAMES DEAN, JR., by and through one of his attorneys, Brendan Shiller, of the CIVIL RIGHTS CENTER, P.C., with the instant response, states as follows:

### Procedural Background

1. Plaintiff filed his complaint on February 24, 2009. (R. 1). Defendants were served on February 26, 2009. (R. 9, 10). On March 18, 2009, Defendants filed a Motion to Dismiss Count VII, and noticed that motion for March 24, 2009. (R. 12, 13). Defendants' claim that the Count VII Intentional Infliction of Emotional Distress claim is time-barred.

### Facts from Complaint

2. On October 1, 2007 at 10:00 p.m., James Dean Jr. was arrested for driving on a suspended license and taken into custody of the Chicago Police Department. (R.

1

1). On October 1, 2007 at 11:30 p.m., James Dean, Jr. was released from the 23rd Chicago Police District Station on an I-bond. (Id.)

3. On October 1, 2007, at 11:34 p.m. without any lawful basis, Defendant Fiorito ordered James Dean, Jr. to enter and drive a car. (Id.) Defendant Fiorito then activated his emergency lights behind the car James Dean was ordered, seconds earlier, to drive. (Id.) James Dean, Jr. curbed his car in response to the flashing emergency lights. (Id.) Without any lawful basis, Defendant Fiorito charged James Dean, Jr. with violations of Illinois and Chicago law, including U-turn within 100 feet of an intersection, obstruction of an intersection, failure to keep in lanes, failure to wear safety belts, operating a vehicle without insurance, driving on a suspended license, DUI and failure to notify Secretary of State of change of address on driver's license. (Id.)

4. On October 1, 2007, Defendants Fiorito and Hazard conspired and agreed amongst themselves to falsely charge James Dean, Jr. with crimes they knew he did not commit. (Id.) In furtherance of this conspiracy, Defendant Fiorito filled out and filed false and incomplete police reports relative to plaintiff's arrest. (Id.) James Dean, Jr. was charged with Driving Under the Influence of Alcohol. (Id.)

5. The charges against James Dean, Jr. were dismissed in a manner indicative of his innocence. (Id.) As a direct and proximate result of this extraordinary misconduct, James Dean, Jr. suffered and continues to suffer from physical injuries, fear, paranoia, stress, anxiety, loss of his freedom, damage to his reputation, lost wages, loss of his driver's license, and other injuries. (Id.)

6. Defendant Fiorito, as a matter of routine, violates the civil rights of citizens by performing unlawful arrests of citizens so that he can earn additional pay for court attendances. (Id.)

7. Defendant City encourages such unlawful arrests by aligning the pecuniary interests of police officers with the frequency of any arrests made, regardless of the arrests' validity. (Id.)

8. In Count VII of the Complaint, Plaintiff alleged that all of the conduct above, including the continued malicious prosecution (which was in part motivated by anti-gay and anti-black animus and in part motivated by pecuniary gain) was extreme and outrageous conduct. (Id.)

Analysis

9. In 2003, the Illinois Supreme Court addressed whether or not Intentional Infliction of Emotional Distress was considered a "continuing tort" for the purpose of statute of limitations analysis. *See generally Feltmeier v. Feltmeier*, 207 Ill.2d 263, 798 N.E.2d 75 (2003) (certified for interlocutory appeal to decide this issue).

10. First, the Court noted, a limitations period usually "begins to run when facts exist that authorize one party to maintain an action against another." 207 Ill.2d 278, *citing Sundance Homes, Inc. v. County of Du Page*, 195 Ill.2d 257, 266, 253 Ill.Dec. 806, 746 N.E.2d 254 (2001). "However, under the 'continuing tort' or 'continuing violation' rule, 'where a tort involves a continuing or repeated injury, the limitations period does not begin to run until the date of the last injury or the

date the tortious acts cease.' *Id., quoting Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc*., 199 Ill.2d 325, 345, 264 Ill.Dec. 283, 770 N.E.2d 177 (2002).

11. The court distinguished a "continuing tort" as one where there are continuing tortious acts (versus continuing damage from a single tortious act). Id., at 278-279.

12. With this understanding, the Illinois Supreme Court explained that "A continuing tort, therefore, does not involve tolling the statute of limitations because of delayed or continuing injuries, but instead involves viewing the defendant's conduct as a continuous whole for prescriptive purposes." Id., at 279.

13. In addressing the facts in the Feltmeyer case, the Supreme Court noted, that while Defendant " maintains that 'each of the alleged acts of abuse inflicted by Robert upon Lynn over a 12 year period are separate and distinct incidents which give rise to separate and distinct causes of action, rather than one single, continuous, unbroken, violation or wrong which continued over the entire period of 12 years.' We must disagree. While it is true that the conduct set forth in Lynn's complaint could be considered separate acts constituting separate offenses of, inter alia, assault, defamation and battery, Lynn has alleged, and we have found, that Robert's conduct as a whole states a cause of action for intentional infliction of emotional distress." Id., at 281.

14. As such, the Court found that the statute for Intentional Infliction of Emotional Distress does not begin to run until the last extreme and/or outrageous act. Id.

15. Here, Defendant continued to lie and falsify reports, and continued to lie to prosecutors up and until prosecutors realized that Defendants were lying and

decided to dismiss the case. The extreme and outrageous conduct did not begin and end with the false arrest, and Defendants would have this Court believe. The extreme and outrageous conduct began with the false arrest and did not end until the case was dismissed.

16. WHEREFORE, Plaintiff requests that this Court deny Defendants Motion to Dismiss, and order that all counts be answered in a timely manner.

Respectfully Submitted,

/s/Brendan Shiller//

Brendan Shiller
one of plaintiff's attorneys

Law Office of Brendan Shiller, LLC
CIVIL RIGHTS CENTER
4554 N. Broadway Ave., Suite 325
Chicago IL 60640
773.907.0940
ARDC #6279789

**CERTIFICATE OF SERVICE**

**Brendan Shiller, hereby certifies that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.**

**/s/ Brendan Shiller /s/**