**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES DEAN, JR., | ) | |
|     Plaintiff, | ) | |
|     v. | ) | No. 09 CV 1190 |
| | ) | |
| CITY OF CHICAGO, and CHICAGO | ) | |
| POLICE OFFICERS R. FIORITO, | ) | Honorable Judge Kennelly |
| Star # 11624 and HAZARD, Star # | ) | |
|     Defendants. | ) | |
| RAUCH, | ) | |
|     Plaintiff, | ) | |
|     v. | ) | No. 09 CV 1191 |
| CITY OF CHICAGO, and OFFICER | ) | |
| R. FIORITO, Star # 11624 | ) | |
|     Defendants. | ) | |
| BARRET, | ) | |
|     Plaintiff, | ) | |
|     v. | ) | No. 09 CV 2029 |
| CITY OF CHICAGO, and OFFICER | ) | |
| R. FIORITO, Star # 11624 | ) | |
|     Defendants. | ) | |
| GILDEA, | ) | |
|     Plaintiff, | ) | |
|     v. | ) | No. 09 CV 2030 |
| CITY OF CHICAGO, and OFFICER | ) | |
| R. FIORITO, Star # 11624 | ) | |
|     Defendants. | ) | |
| SUMMERFORD, | ) | |
|     Plaintiff, | ) | |
|     v. | ) | No. 09 CV 2031 |
| CITY OF CHICAGO, and OFFICER | ) | |
| R. FIORITO, Star # 11624 | ) | |
|     Defendants. | ) | |
| SWINGLEY, | ) | |
|     Plaintiff, | ) | |
|     v. | ) | No. 09 CV 2032 |
| CITY OF CHICAGO, and OFFICER | ) | |
| R. FIORITO, Star # 11624 | ) | |
|     Defendants. | ) | |

**MOTION TO REASSIGN RELATED CASES**

NOW COMES the Plaintiff, JAMES DEAN, JR., by and through one of his attorneys, Brendan Shiller, of the CIVIL RIGHTS CENTER, P.C., with the instant Motion to Reassign Related Case Pursuant to Local Rule 40.4., states as follows:

**Procedural Background**

1. Plaintiff filed his complaint on February 24, 2009. (R. 1). Among other claims specific to Plaintiff, the complaint includes Monell claim against the City. (R. 1). Since, the filing of Dean's Complaint, there have been five other complaints filed by the same attorneys in this case, against the same individual defendant, and alleging the same Monell claim (1:09-cv-01191, Rauch v. City of Chicago et al; 1:09-cv-02029, Barrett v. City of Chicago et al; 1:09-cv-02030 Gildea v. City of Chicago et al; 1:09-cv-02031 Summerford v. City of Chicago et al, 1:09-cv-02032 Swingley v. City of Chicago et al)[1]

**Facts from Complaints**

2. Plaintiffs attorneys often add a boilerplate Monell claim (such as failure to train) as a simple means of attaching municipal liability to the constitutional claims. That is not the case here. All of the cases above, attack the exact same policy as being a policy that encourages regular constitutional violations—and are seeking a change to that policy.

3. Specifically, Plaintiffs contend that the City policy that pays time and a half for court attendance encourages traffic officers to falsify DUI arrests.

4. Plaintiffs contend that it is no coincidence that two of the top three DUI cops in the city are now under indictment, and that the third (the Defendant is this case) is now under investigation. The combination of paying extra to attend court, and having no accountability for massive DUI ticket-writers, has resulted in thousands of false DUI arrests over the last seven years—from Parker, Haleas and Fiorito in general; and as far as the cases at hand matter, from Fiorito in particular.

---

[1] In addition to these cases, there is Kolinek v. City of Chicago, 09-cv-182, which also names the same individual defendant and was filed by the same Plaintiff's attorneys. Kolinek, however, does not contain a Monell claim.

## ANALYSIS

5. As an initial matter, Deans notes that the Deans claim is the lower numbered claim, consequently, the instant motion is properly filed in this case (regardless of who files the motion). See Local Rule 40.4.

6. Further, the claims, although they all involve distinct arrests and malicious prosecutions, all involve the same defendant.

7. In addition, all claims seek redress on the exact same city policies that encourage false arrests and malicious prosecutions.

8. The claims also involve the same or similar issues of fact and law, as each Class Action Complaint contains causes of action alleging violations of 42 U.S.C. §1983 of the United States Constitution by the City of Chicago.

9. As a result of this, much of the discovery (primarily the Monell discovery) will be duplicative for all of the claims.

10. The handling of these cases by the same judge is likely to result in a substantial saving of judicial time and effort, the cases are capable of disposition in a single proceeding and the litigation has not progressed to the point where designating the cases as related would delay the proceedings in any manner. There has been no responsive pleading (or motions of any kind) from Defendants in the four most recent cases.

11. Lastly, although answers and motions have not been filed in four of the cases, the recommendation under Local Rule 40.4(c) that motions such as the instant motion not be filed until after the filing of answers is just that—a recommendation.

12. Further, as the rule states, the primary purpose of this recommendation is to allow all parties to respond to the motion. Given that the City and Fiorito are ably representing

before this Court, and that it is the exact same Defendants in the other cases—the policy of waiting until answers are filed in all cases will serve no purpose.

13. WHEREFORE, Plaintiff requests that this Court reassign all of the above cases as related.

Respectfully Submitted,

/s/Brendan Shiller//

Brendan Shiller
one of plaintiff's attorneys


Law Office of Brendan Shiller, LLC
CIVIL RIGHTS CENTER
4554 N. Broadway Ave., Suite 325
Chicago IL 60640
773.907.0940
ARDC #6279789

**CERTIFICATE OF SERVICE**

**Brendan Shiller, hereby certifies that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.**


**/s/ Brendan Shiller /s/**