IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JAMES DEAN, JR., et. al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, and CHICAGO POLICE OFFICER R. FIORITO, Star #11624, <br> Defendants. | No. 09 CV 1190 <br><br> Honorable Judge Kennelly <br><br> Magistrate Judge Nolan |

## DEFENDANT'S MOTION TO REQUIRE DISCLOSURE OF DEAN E-MAIL

NOW COMES Defendant, Officer RICHARD FIORITO, Star #11624, by and through his attorneys, Querrey & Harrow, Ltd., and moves this Honorable Court to require the disclosure of James Dean Jr.'s e-mail to this Court and Defense Counsel Counsel, and in support thereof, states as follows:

1. On 7/29/2010, Plaintiffs' Counsel filed a motion to withdraw as counsel for James Dean, Jr. at the request of their client. (Doc. 114).

2. According to Plaintiffs' Motion to Withdraw, James Dean Jr. indicated in an e-mail that he seeks other counsel. (Doc. 114 at p. 2).

3. In addition, the Motion indicates that Mr. Dean "discusses potentially sensitive information in addition to discharging the attorneys currently representing him." (*Id.*).

4. James Dean Jr. is the primary Plaintiff in this case.

5. This case has developed deep into discovery. In fact, written discovery is near completion.

6. This Court and Defendants are entitled to disclosure of the contents of the e-mail from James Dean Jr.

7. While the Motion represents this information as "potentially sensitive," there has not been any representation that the information is privileged.

8. Even if counsel seeks to represent that this "potentially sensitive" information is somehow privileged, a blanket assertion is insufficient.

9. The attorney-client privilege is the oldest privilege over confidential communication. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "However, because 'the privilege has the effect of withholding relevant information,' courts construe the privilege to apply only where necessary to achieve its purpose." *United States v. BDO Seidman*, 337 F.3d 802, 810-11 (7th Cir. 2003).

10. "[W]hat is vital to the privilege is that the communication be made *in confidence* for the purpose of obtaining *legal* advice *from the lawyer*." *In re Grand Jury Proceedings,* 220 F.3d 568, 571 (7th Cir. 2000) (internal citations omitted) (emphasis in original).

11. Plaintiff bears the burden of establishing that all of the requirements of the attorney-client privilege have been met. *Id.*

12. In this case, "potentially sensitive" information is not privileged information.

13. In addition, an e-mail indicating a desire to change counsel and a request to withdraw does not reflect communications made in confidence the purpose of obtaining legal advice.

14. Therefore, counsel cannot withhold the contents of this message from this Court and Defendants' counsel because it is simply "potentially sensitive." There is no basis for withholding disclosure.

WHEREFORE, Defendant, Officer RICHARD FIORITO, Star #11624, by and through his attorneys, Querrey & Harrow, Ltd., respectfully requests this Honorable Court to compel the disclosure of the contents of James Dean Jr.'s e-mail to his current counsel referenced in counsel's Motion to Withdraw, and for any other relief this Court deems just and proper.

Respectfully Submitted,

Officer Richard Fiorito

By: /s/ Daniel F. Gallagher
One of his Attorneys

Daniel F. Gallagher
Larry S. Kowalczyk
175 W Jackson Blvd, Suite 1600
Chicago, IL, 60604
312.540.7000

Document #: 1511029