```
 1            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3

 4   JAMES DEAN, JR., et al.,      )
                                   )
 5              Plaintiff,         )
            vs.                    )   No. 09-CV-01190
 6                                 )   Chicago, Illinois
                                   )   July 28, 2011
 7   CITY OF CHICAGO, et al.,      )   9:00 a.m.
                                   )
 8              Defendant.         )

 9

10

11            TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE MATTHEW F. KENNELLY
12

13   APPEARANCES:

14

15   For the Plaintiff:      THE HAMILTON LAW OFFICE, LLC,
                             MS. TORREYA L. HAMILTON
16                           11 S. LaSalle St.
                             Suite 1000
17                           Chicago, IL  60603
                             (312)-726-3173
18                           tlh@thehamiltonlawoffice.com

19
     For the Defendant
20   City of Chicago:        Dykema Gossett Rooks Pitts, PLLC
                             MS. KIMBERLY D. FAHRBACH
21                           4200 Commerce Court
                             Suite 300
22                           Lisle, IL  60532
                             (630)245-0400
23                           kfahrbach@dykema.com

24
```

1

```
 1   For the Defendant
     R. Forito:           QUERREY & HARROW, LTD.
 2                        MR.  DOMINICK L. LANZITO
                          175 West Jackson Boulevard
 3                        Suite 1600
                          Chicago, IL  60604
 4                        (312)540-7592
                          dlanzito@querrey.com
 5

 6   For the Movant
     Mr. Michael Benz:    LAW OFFICES OF JEFFERY M. LEVING,
 7                        LTD.
                          MR. ANDREY BOHDAN FILIPOWICZ
 8                        19 S. LaSalle Street
                          #450
 9                        Chicago, IL  60603
                          (312)807-3990
10                        afilipowicz@jmlevinglawltd.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

| | |
|---|---|
| 1 | THE CLERK: 09-C-1190. Dean vs. City of Chicago. |
| 2 | MS. HAMILTON: Good morning, your Honor. Torri |
| 3 | Hamilton, T-o-r-r-i, on behalf of Plaintiff, Steven Lopez. |
| 4 | I apologize, I was in another case. |
| 5 | MR. FILIPOWICZ: Good morning, again, your Honor. |
| 6 | Andrey Filipowicz on behalf of Mr. Michael Benz. |
| 7 | MS. FAHRBACH: Kimberly Fahrbach on behalf the |
| 8 | City of Chicago. |
| 9 | MR. LANZITO: Good morning, your Honor. Dominick |
| 10 | Lanzito on behalf of Officer Fiorito. |
| 11 | THE COURT: So I have got Mr. Filipowicz's motion |
| 12 | for entry of a protective order. And I have got the |
| 13 | Plaintiff's motion to bar the use of privileged materials. |
| 14 | They basically are both asking for the same thing. So talk |
| 15 | to me. |
| 16 | MS. FAHRBACH: Judge, what we would like to |
| 17 | do — I have talked to Mr. Benz's attorney. What we would |
| 18 | like to do is file a written response to Ms. Hamilton's |
| 19 | motion, since there are certain issues raised in her motion |
| 20 | that we feel are inaccurate. We do want attorney Krider's |
| 21 | deposition. I would like a chance to brief it. I can get |
| 22 | something on file by next Friday. |
| 23 | In the meantime, I have talked to Andrey and I |
| 24 | have no problem just entering — continuing his motion. We |

1  have talked about whether or not his deposition would even
2  be necessary, depending on the Courts's ruling on the
3  attorney-client issue.  It might still be there is some
4  foundational issues with some other records in the file, but
5  I don't want to have him sit for a deposition twice at all.
6  So we have kind of agreed to continue that just until we can
7  get a ruling on the other.
8           MR. FILIPOWICZ.  Well, actually what I would like
9  to see is not just a motion for protective order, but a
10 motion to quash the subpoena entirely.
11          THE COURT:  What I want to do is back up here just
12 a little bit.  So if I am reading what was filed
13 correctly — I am not going to talk about all of the
14 details.  I am just talking about a fairly big level of
15 generality.  What happened here is that — I am not
16 suggesting anything wrong was done — the defendant served
17 deposition subpoenas on the lawyers that represented
18 Mr. Lopez in his criminal — was it a DUI case?
19          MS. HAMILTON.  Yes, Judge.
20          THE COURT:  And the stuff that got produced,
21 either before or after deposition or coalition, it doesn't
22 really matter, included attorney notes.
23          MS. FAHRBACH:  I don't know.  They are notes.
24          MR. FILIPOWICZ:  It's the entire file, Judge.  The

4

1  cover letters —
2          MS. FAHRBACH: It's the entire file. The cover
3  letters that encloses the entire file. And we didn't —
4          THE COURT: Isn't it reasonable to think that the
5  entire file is going to include some attorney's notes?
6          MS. FAHRBACH: It would be, indeed. We deposed
7  one attorney on it and he advised, "These aren't my notes."
8  But we would like — I am not sure —
9          THE COURT: That would be Mr. Krider?
10         Are these your notes, Mr. Filipowicz?
11         MR. FILIPOWICZ: They are not my notes, and some
12 of them appear to be that they might be Mr. Benz's note.
13         THE COURT: Who?
14         MR. FILIPOWICZ: Mr. Michael Benz.
15         THE COURT: He is the other attorney at the firm.
16         MR. FILIPOWICZ: He is the attorney that I am
17 representing.
18         THE COURT: I am sorry, I botched that. I meant,
19 are they your client's notes?
20         MS. HAMILTON: In his — Mr. Filipowicz's motion,
21 paragraph 12, attorney Benz says he has looked at the notes.
22 They are his handwritten notes and that they are subject to
23 both attorney-client privilege and the work product
24 privilege, paragraph 12, page three.

1  THE COURT: So just preview for me what your
2  argument is going to be as to why this wasn't inadvertent,
3  seeing as how we all know that a lawyer cannot waive the
4  attorney-client privilege.
5  MS. FAHRBACH: There are several things, Judge.
6  First of all, the file was subpoenaed and given to us in
7  April 2010, which is fifteen months ago. Nothing was ever
8  said about it being inadvertent or raising privilege.
9  Number two is that the notes actually have
10 witness names on them. So if there are lawyers interviewing
11 a witness, that would not be privileged, which is why we
12 wanted attorney Benz's deposition to see exactly what we are
13 looking at.
14 The more troubling aspect, as far as I am
15 concerned, is that we might have a fraud exception to the
16 attorney-client privilege here, based on the content of the
17 notes and Mr. Lopez's testimony. It is imagined that
18 Mr. Lopez is going to give the same testimony at trial in
19 this matter and I don't think that our attorneys are
20 supposed to stand by and watch him perjure himself.
21 MS. HAMILTON: He would —
22 THE COURT: So just preview that for me. What do
23 you think the crime fraud issue is going to be?
24 MS. FAHRBACH: Sure. The attorney-client

6

1    privilege does not protect perjury, does not protect fraud,
2    and when no — in the initial interview state X, Y and Z
3    happened, and then later on Mr. Lopez does not testify in
4    that manner, and, in fact, claims an officer is lying when
5    the officer testifies in that matter. And testifies at the
6    criminal trial that way, and testifies in the civil
7    deposition that way and, presumably, is going to testify in
8    the civil trial that way. I don't think they can use the
9    privilege to stop the other side from saying, you know what,
10   there is notes, there is contents, there's documents saying
11   that this is incorrect.
12            THE COURT: Okay. So you oversimplify it a little
13   bit —
14            MS. FAHRBACH: It is — because I don't want to
15   get into detail, actually, too —
16            THE COURT: You know what, do not interrupt me
17   here, okay?
18            MS. FAHRBACH: Okay.
19            THE COURT: You oversimplify to some extent the
20   crime fraud exception, but it sounds like to me, from what
21   you said, though, that in order to file this response, you
22   need discovery; is that right?
23            MS. FAHRBACH: For foundational purposes, yes.
24            THE COURT: And that discovery would consist of

1  what exactly?
2       MS. FAHRBACH: Unless we can presume that certain
3  pages were authored by attorney Benz or Mr. Lopez or certain
4  witnesses, I would need Mr. Benz's deposition to
5  authenticate what notes are his, who the notes pertain to,
6  when he was taking it. Just foundation for the notes, that
7  is why we subpoenaed his deposition.
8       THE COURT: Okay. But isn't that kind of putting
9  the cart before the horse, like, by about 1700 miles?
10      MS. FAHRBACH: I have no problem briefing it
11 without attorney Benz's deposition and just presuming, for
12 the sake of argument, that everything is, you know, attorney
13 notes related to Mr. Lopez. Although, like I said, there
14 are a couple of documents where it has witness names on it.
15      THE COURT: Okay. But it seems to me, though,
16 that there are two separates issues here. There is the rule
17 502(b) issue, which is the one raised by the motion, which
18 is whether there is inadvertent disclosure and whether the
19 requirements to undo that have been met, which is a
20 completely separate issue from the other one that you are
21 talking about, and I really don't want to mix the two.
22 Because, I mean, if the requirements of rule 502(b) are met,
23 in other words, if the disclosure was inadvertent, the
24 holder of the privilege took reasonable steps to prevent

8

1 disclosure and the holder took reasonable steps to rectify
2 the error — and you have talked about the some of those
3 things here in terms of delay and whatnot — then I am going
4 to order that they be turned back over and then you might
5 have another motion saying, "Now we want them again." But I
6 would rather deal with those in that way. You might say
7 that that's inefficient, but I think it's the appropriate
8 way to deal with it.
9 Is it true that they have had this stuff since
10 April of last year?
11 MS. HAMILTON: Apparently so, Your Honor, however
12 Mr. Krider testified clearly and unequivocally at his
13 deposition, as soon as they were shown to him he said,
14 quote, "You shouldn't have these."
15 THE COURT: Yeah, I understand —
16 MS. HAMILTON: And there is case law — I am
17 sorry. Go ahead, Judge.
18 THE COURT: The holder of the privilege has to
19 take — and I recognize that you were not representing
20 Mr. Lopez at the time, so you are dealing with the bodies
21 that are already on the ground before you at the time you
22 got in the case, but the holder of the privilege, at least,
23 according to your motion, is Mr. Lopez. And so one question
24 would be whether he took reasonable steps, knowing that the

1   subpoena had been issued, and I am assuming the lawyer who
2   was representing him at the time knew it had been issued, to
3   prevent the disclosure. The way people do that in cases is
4   they say, "Wait a second, I need to go through this file
5   before you turn it over." And, then, number two is if there
6   were — is if they took — the prior lawyer promptly took
7   reasonable steps to rectify the error.
8           If it has been some 15 months, my guess is you may
9   have a hard time meeting those requirements, but I would
10  like to deal with that first and that's not going to take
11  very long. So I want a response on the — and you are not
12  waving anything on the crime fraud, okay? So I just want a
13  response on the motion to bar the use of privileged
14  materials. This is basically a motion saying inadvertent
15  disclosure, give them back. I want a response to that in a
16  week. That's the 4th of August.
17          I want a reply a week after that. That's the 11th
18  of August. Do we have a date that you are coming back in?
19  I am going to shorten those dates a little bit. We are
20  coming back in on the 9th. I am going to be gone next week.
21  You are coming in on the 9th, so the response on the
22  inadvertent disclosure thing is actually due on the — it is
23  going to be a really, short schedule, folks, it just is what
24  it is. Second of August, the reply is due on the 5th of

1  August and I am going to set it for a ruling on the 9th of
2  August for a status. I just can't have motions kind of
3  proliferating all over the place in this case, so I will
4  deal with that, and worry about the rest of it when we have
5  to worry about it. Okay. So...
6       Mr. Filipowicz: Just briefly.
7       THE COURT: You are not taking Mr. Benz's
8  deposition in the meantime. If you want to weigh in on
9  this, Mr. Filipowicz, then you file your thing along with
10 the reply that's been filed — that's going to be filed by
11 Ms. Hamilton.
12      MR. FILIPOWICZ: Very well. Thank you, your
13 Honor. Very well.
14      (Proceedings concluded)

**C E R T I F I C A T E**

    I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

| | |
|---|---|
| /s/Kristin M. Ashenhurst, CSR, RDR, CRR | August 8, 2011 |
| Court Reporter | Date |

12